Mark Choate, AK #8011070
Attorney for Plaintiff
CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, Alaska 99801
Tel: (907) 586-4490
Fax: (206) 424-9705
Email: lawyers@choatelawfirm.com

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MICHAEL ANTHONY BRAKES,<br><br>      Plaintiff,<br><br>v.<br><br>JAMES RIVER INSURANCE COMPANY, RAISER LLC, and UBER TECHNOLOGIES, INC.,<br><br>      Defendants. | Case No.<br>Judge: |

## **COMPLAINT**

COME NOW the Plaintiff, MICHAEL ANTHONY BRAKES, by and through counsel, and for causes of action against the Defendants, JAMES RIVER INSURANCE COMPANY, RAISER LLC, and UBER TECHNOLOGIES, INC., alleges as follows:

### *INTRODUCTION*

This is an Uninsured Motorist claim that arises out of a February 20, 2019 automobile crash that left Plaintiff Michael Anthony Brakes seriously injured (the "Accident"). Mr. Brakes was a driver of a vehicle that was providing transportation services through the Uber ride sharing service when it was struck by a vehicle that had been struck by an uninsured vehicle, owned and operated by Percy Ira Douglas. Mr. Brakes suffered catastrophic injuries. James River Insurance Company is the Uninsured Motorist ("UM") carrier for the Uber vehicle. Despite Mr. Brakes' extensive injuries, James River failed to timely tender its $1,000,000 limits to settle Mr. Brakes'

COMPLAINT
Page 1 of 9

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:21-cv-00002-HRH   Document 1   Filed 02/03/21   Page 1 of 9

claim. Mr. Brakes was forced to file the instant action to recover benefits that were rightfully due under the policy. As the UM carrier, James River steps into the shoes of the tortfeasor, Mr. Douglas, and the litigation proceeds as if the suit was filed against the tortfeasor.

## *VENUE AND JURISDICTION*

1. This Honorable Court has jurisdiction to hear this cause of action pursuant to Diversity of Citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy herein, exclusive of interest and costs exceeds $1,000,000.00 and is sufficient for the jurisdiction of this Honorable Court pursuant to 28 U.S.C. § 1332.

2. Venue is proper in the United States District Court for the District of Alaska.

## *PARTIES*

3. At all times relevant herein, Plaintiff Michael Anthony Brakes was a resident of the City and Borough of Juneau, Alaska.

4. At all times relevant herein, Defendant Uber Technologies, Inc., was a Delaware Corporation with a principle place of business at 1455 Market Ste, Suite 400, San Francisco, CA 94103, which was operating, conducting, engaging in, and/or carrying on a business or business venture within the State of Alaska.

5. At all times relevant herein, Defendant Raiser, LLC, was a foreign corporation with a principle place of business at 182 Howard Street, # 8, San Francisco, CA 94105, which was operating, conducting, engaging in, and/or carrying on a business or business venture within the State of Alaska.

6. At all times relevant herein, Defendant James River Casualty Insurance Company, aka James River Insurance ("JRIC"), with principal place of business and address of PO Box 27648, Richmond, VA 23261-7648, operated as an Excess & Surplus Insurance carrier within the State of Alaska and provided automobile Liability Coverage with respect to the accident herein.

COMPLAINT
Page 2 of 9

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:21-cv-00002-HRH   Document 1   Filed 02/03/21   Page 2 of 9

# ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff incorporates by reference the statements contained in the foregoing paragraphs 1-7 and in addition state:

8. On or about February 20, 2019, Plaintiff was regularly engaged in the City and Borough of Juneau, Alaska as a driver, employee or agent of Defendants Uber Technologies, Inc. and Raiser, LLC (collectively, "UBER").

9. On or about February 20, 2019, Plaintiff owned and operated a motor vehicle upon and along Egan Highway, in the City and Borough of Juneau, Alaska.

10. On or about February 20, 2019, Percy Ira Douglas ("Mr. Douglas") owned and operated a motor vehicle upon and along Egan Highway, in the City and Borough of Juneau, Alaska.

11. At that time and place, Mr. Douglas negligently operated or maintained the motor vehicle so as to cause it to collide with a third-party's vehicle, which then collided into Plaintiff's vehicle.

12. Specifically, at that time and place, Mr. Douglas made a U-turn into oncoming traffic, causing a head-on motor vehicle collision and a five-car pile-up.

13. Mr. Douglas admitted to smoking marijuana and drinking alcohol before driving at that time and place.

14. The at-fault driver, Mr. Douglas, did not have insurance coverage at the time of the Accident.

15. As a direct and proximate result of the aforesaid Accident, Plaintiff suffered bodily injury and resulting pain and suffering, permanent disability and/or permanent impairment, aggravation of a pre-existing disease or condition, mental anguish, inconvenience, loss of capacity for the enjoyment of life, the expense of medical care and treatment, and loss of the ability to earn money in the past and in the future.

COMPLAINT
Page 3 of 9

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:21-cv-00002-HRH   Document 1   Filed 02/03/21   Page 3 of 9

16. At all times material hereto, Defendant JRIC was operating, conducting, engaging in, and/or carrying on a business or business venture within the State of Alaska.

17. At all times material hereto, Defendant JRIC was and is a surplus lines insurer under applicable Alaska statutes that insured vehicles that provided transportation services through the Uber application and provided uninsured motorist benefits for persons occupying a vehicle being used to provide transportation services through the Uber application.

18. At the time and place of the Accident, Plaintiff was an employee, agent and/or apparent agent of UBER.

19. At the time and place of the Accident, Plaintiff was in the course and scope of his employment with UBER, while he was driving for the purpose of transporting passengers.

20. At all times material hereto, UBER were common carriers engaged in the business of transporting people.

21. At the time and place of the Accident, there was in full force and effect a policy of insurance issued by Defendant JRIC extending uninsured and/or underinsured motorist coverage to its insured, Plaintiff, and his/UBER passengers in the subject motor vehicle.

22. Under the terms of said insurance policy, Defendant JRIC is obligated to the Plaintiff, as the driver of its insured motor vehicle, for damages recoverable by him as a result of the negligence of Mr. Douglas that are in excess of the bodily liability insurance coverages available to Mr. Douglas for the subject accident.

23. At the time and place of the Accident, Mr. Douglas had no bodily injury auto insurance and/or was an uninsured motorist as defined by Defendant JRIC's policy.

### FIRST CLAIM FOR RELIEF -- BREACH OF CONTRACT

24. Plaintiff incorporates the above paragraphs as if fully set forth herein.

25. Plaintiff was covered under an insurance policy with Defendant JRIC at the time of the Accident, which included UM coverage.

COMPLAINT
Page 4 of 9

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:21-cv-00002-HRH   Document 1   Filed 02/03/21   Page 4 of 9

26. At the time of the Accident, Defendant JRIC had in full force and effect a policy of Underinsured and Uninsured Motorist Insurance for the benefit of Plaintiff.

27. Pursuant to the contract of insurance, "Covered autos are passenger autos being used following the Rideshare Driver's logged and recorded acceptance in the UberPartner application using account credentials issued under a contract with a Named Insured to provide transportation services while the Rideshare Driver is en route to the pick up location of the requested transportation services, or traveling to the final destination of the requested transportation services, including but not limited to dropping-off of passengers."

28. Plaintiff's injury claim is of the type that is covered under the Underinsured and Uninsured Motorist Insurance.

29. By virtue of the claims made by Plaintiff, Defendant JRIC is a real party in interest to this litigation in that it is obligated to provide Uninsured/Underinsured Motorist coverage to Plaintiff.

30. Considering Plaintiff's damages and that the uninsured driver could not compensate Plaintiff, Defendant JRIC materially breached the terms of the insurance contract by:

    a. Delaying payment;

    b. Offering less than the claim is worth;

    c. Requiring an unreasonable amount of paperwork to process the claim;

    d. Denying liability when liability is obvious;

    e. Trying to mislead the policyholder about what the policy covers;

    f. Ignoring Plaintiff making the claim;

    g. Failing to give a good reason for denying the claim;

    h. Interpreting policy language in an unreasonable way; and/or

    i. Otherwise failed to perform its obligations under the contract.

31. As a result of the Defendant JRIC's breach, Plaintiff incurred compensatory and/or expectation damages, in an amount in excess of $1,000,000.00.

COMPLAINT
Page 5 of 9

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:21-cv-00002-HRH   Document 1   Filed 02/03/21   Page 5 of 9

32. As a result of Defendant JRIC's breach of contract, Plaintiff incurred foreseeable consequential and incidental damages, in an amount in excess of $1,000,000.00.

33. As a result of oppression, fraud or malice, express or implied, on the part of Defendant JRIC, Plaintiff seeks punitive damages.

34. As a direct and proximate result of the actions of Defendant JRIC, Plaintiff has been required to retain an attorney to prosecute this action, therefore a reasonable award of attorney's fee and costs are appropriate.

## SECOND CLAIM FOR RELIEF --
## CONTRACTUAL BREACH OF THE IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALING

35. Plaintiff repeats and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

36. There is implied in every contract a covenant of good faith and fair dealing.

37. Plaintiff is the intended beneficiary of a contract of insurance, for which Defendant JRIC is the insurer affording coverage and which Defendants UBER maintain for the benefit of their Rideshare Drivers.

38. Defendant JRIC owed Plaintiff a duty of good faith and fair dealing pursuant to this insurance contract.

39. Defendant JRIC breached its duty of good faith and fair dealing by, inter alia, refusing to properly compensate Plaintiff.

40. Plaintiff sustained damages as a result of Defendant JRIC's breach of the implied covenant of good faith and fair dealing.

41. Plaintiff has been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

COMPLAINT
Page 6 of 9

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:21-cv-00002-HRH   Document 1   Filed 02/03/21   Page 6 of 9

## THIRD CLAIM FOR RELIEF --
## TORTIOUS BREACH OF THE IMPLIED
## COVENANT OF GOOD FAITH AND FAIR DEALING

42. Plaintiff repeats and reallege the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

43. There implied in every contract a covenant of good faith and fair dealing.

44. Plaintiff is the intended beneficiary of a contract of insurance, for which Defendant JRIC is the insurer affording coverage and which Defendants UBER maintain for the benefit of their Rideshare Drivers.

45. Defendant JRIC owed Plaintiff a duty of good faith and fair dealing.

46. As an insurer, Defendant JRIC owed Plaintiff a fiduciary-like duty and there was a special element of reliance by Plaintiff.

47. Defendant JRIC breached its duty of good faith and fair dealing by, inter alia, refusing to properly compensate Plaintiff for his injuries sustained in the underlying accident caused by the uninsured driver.

48. Plaintiff sustained damages as a result of Defendant JRIC's breach of the implied covenant of good faith and fair dealing.

49. Plaintiff is further entitled to punitive damages as a result of Defendant JRIC's breach of the implied covenant of good faith and fair dealing.

50. Plaintiff has been required to retain the services of an attorney to commerce this action and is entitled to attorney's fees and costs.

## FOURTH CLAIM FOR RELIEF -- BAD FAITH

51. Plaintiff repeats and realleges there allegations contained in the preceding paragraphs of this Complaint as through said paragraphs were fully set forth herein.

52. Considering Plaintiff's damages and that the uninsured driver could not compensate Plaintiff, Defendant JRIC acted in bad faith by:

COMPLAINT
Page 7 of 9

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:21-cv-00002-HRH   Document 1   Filed 02/03/21   Page 7 of 9

  a. Delaying payment;

  b. Offering less than the claim is worth;

  c. Requiring an unreasonable amount of paperwork to process the claim;

  d. Denying or partially denying liability when liability is obvious;

  e. Trying to mislead the policyholder about what the policy covers;

  f. Ignoring Plaintiff making the claim;

  g. Failing to give a good reason for denying the claim or portions of the claim;

  h. Interpreting policy language in an unreasonable way; and

  i. Otherwise acting unreasonably and with knowledge that there is no reasonable basis for its conduct.

53. The acts and omissions of Defendant as complained of herein, and yet to be discovered in this matter, constitute bad faith.

54. Defendant JRIC'S actions were not the result of an honest mistake, bad judgment, or negligence on the part of Defendant JRIC, its employees or agents.

55. Plaintiff sustained damages as a result of Defendant JRIC's bad-faith.

56. Plaintiff suffered mental suffering and emotional distress as a result of Defendant JRIC's bad faith.

57. Defendant JRIC is guilty of oppression, fraud or malice, express or implied, and Plaintiff is entitled to punitive damages.

58. Plaintiff has been required to retain the services of an attorney to commence this action and are entitled to attorney's fees and costs.

## DEMAND FOR JURY TRIAL

Plaintiff demands jury trial on all issues so triable.

WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

1. General damages in an amount that will conform to proof at time of trial;

COMPLAINT
Page 8 of 9

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:21-cv-00002-HRH Document 1 Filed 02/03/21 Page 8 of 9

2. Special damages for said Plaintiff's medical and miscellaneous expenses as of this date, plus future medical expenses and the miscellaneous expenses incidental thereto in a presently unascertainable amount;

3. Special damages for lost wages in a presently unascertainable amount, and/or diminution of the earning capacity of said Plaintiff, plus possible future loss of earnings and/or diminution of said Plaintiff's earning capacity in a presently unascertainable amount;

4. For prejudgment interest as provided by law;

5. For punitive and exemplary damages against Defendants according to proof;

6. For Trial by Jury; and

7. Such other and further relief as this Court deems proper.

Dated: February 2, 2021

By: /s/ *Mark Choate*
Mark C. Choate, AK #8011070
Attorney for Plaintiff

COMPLAINT
Page 9 of 9

CHOATE LAW FIRM LLC
424 N. Franklin Street
Juneau, AK 99810
(907) 586-4490

Case 1:21-cv-00002-HRH   Document 1   Filed 02/03/21   Page 9 of 9